IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMIR SANJARI,

      Petitioner,                      No. CIV S-09-1471 GGH P

    vs.

STATE OF CALIFORNIA, et al.,[1]

      Respondent.                  ORDER

_____/

        Petitioner, an inmate of the Sacramento County Main Jail proceeding pro se, has purported to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee. Petitioner filed an amended petition, on June 8, 2009, which supersedes his original petition, filed on May 28, 2009. In his voluminous filing, petitioner declares himself to be "an alien and a British citizen" and apparently seeks to challenge orders regarding custody of

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). Whereas he had originally simply identified respondent as "unknown," in his amended petition he identifies the respondent as State of California, not an appropriate respondent, followed by Sacramento County Sheriff, who may be the proper respondent. Petitioner is cautioned to identify only a proper respondent in any future filing.

his two children, minors who he claims are also British citizens, issuing from an Indiana state court in 2001. Petitioner makes various allegations regarding a conflict of interest by the judge who presided over his former wife's 1999 divorce petition and contends that his wife's attorney "criminally influenced," the judicial process in seeking to obtain sole custody of the children for petitioner's ex-spouse. Amended Petition, pp. 1-3. Although shared custody was nevertheless granted for petitioner in 2000, petitioner avers that his due process rights were later violated in 2001, by a conspiracy involving his ex-wife and her attorney, resulting in an ex parte order or orders from a court acquiescing in the conspiracy, depriving petitioner of his parental rights. Id., at 4-10. Petitioner goes on to allege that subsequent unconstitutional orders have issued from Indiana courts, discusses various motions he has brought, references having filed for bankruptcy, etc. Id., at 10-46. At one point, petitioner avers that fraudulent, unlawful and void orders have resulted in his incarceration. Id., at 47.

Despite the length of his amended filing, totaling 185 pages, petitioner has not plainly set forth any conviction or sentence he is challenging, and has, in his circuitous arguments, violated Rule 8 of Federal Rules of Civil Procedure, which requires, inter alia, "a short and plain statement of the grounds for the court's jurisdiction ...." as well as a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, it does not appear that petitioner has chosen the appropriate vehicle for whatever relief he seeks. Although petitioner makes a fleeting reference to having been wrongfully incarcerated, as noted, petitioner does not set forth precisely what conviction or sentence he is intending to challenge in the habeas petition, nor any appropriate grounds therefor. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)...." Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). Petitioner's recitation of events relating to the Indiana state courts and child custody/family law issues do not on the face of it appear to be in any way related to any matter for which petitioner might seek relief by way of a § 2254 petition.

1  The amended petition will be dismissed but petitioner will be granted leave to amend.

2        In accordance with the above, IT IS HEREBY ORDERED that:

3        1. The original petition has been superseded by the amended petition; and

4        2. The amended petition is dismissed with leave to amend within thirty days;

5  failure to comply with this order will result in dismissal of this case with prejudice. See Local

6  Rule 11-110; Fed. R. Civ. P. 41(b).

7  DATED: July 7, 2009

                            /s/ Gregory G. Hollows

                            GREGORY G. HOLLOWS
                            UNITED STATES MAGISTRATE JUDGE

GGH:009
sanj1471.ord